UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROL JEWEL, SHIRLEY HOILAND and )
MARY L. PATRICK, Individually and on )
behalf of all others similarly situated, )
)
)
Plaintiffs, )
)
)
v. )
)
)
UNUMPROVIDENT CORPORATION, )  Civil Action No. 04-40262-FDS
UNUM LIFE INSURANCE COMPANY OF )
AMERICA, FIRST UNUM LIFE )
INSURANCE COMPANY, PROVIDENT )
LIFE AND ACCIDENT INSURANCE )
COMPANY and THE PAUL REVERE )
LIFE INSURANCE COMPANY, )
)
Defendants. )
)

REQUEST FOR SPECIAL ACTION
PURSUANT TO LOCAL RULE 5.1(C)

PLAINTIFFS' MOTION TO EXPEDITE HEARING ON
PLAINTIFF'S MOTION TO REMAND

Plaintiffs Carol Jewel, Shirley Hoiland and Mary L. Patrick ("Plaintiffs"), by and through their undersigned counsel of record, move this Court to expedite the hearing and determination of Plaintiff's Motion to Remand.

As grounds therefore Plaintiffs state as follows:

1. This action was initially filed by Plaintiff in the Worcester Superior Court Department on December 11, 2003, and has been actively litigated since that date. Plaintiffs are

disability insurance claimants and allege that Defendants engaged in unfair and deceptive claims handling practices.

2.  On September 29, 2004, after extensive briefing by all parties, Plaintiffs filed a motion for class certification as to Count II, a claim under Mass. G.L. c. 93A, as well as a motion for leave to file an amended complaint naming an additional class representative.

3.  The Superior Court (McCann, J.) scheduled a hearing on Plaintiffs' motion for November 15, 20004. The hearing was postponed at Defendants' request, and ultimately rescheduled for December 22, 2004.

4.  On November 18, 2004, Defendants announced that they had entered into a settlement agreement with insurance regulators in Maine, Massachusetts and Tennessee, and the United States Department of Labor, concerning their disability claims handling practices (the "Regulatory Settlement Agreement" or "RSA").

5.  In summary, the RSA provides the following: (1) Defendants will pay a penalty of $15 million to the state insurance regulators; (2) Defendants will perform "de novo" reviews of certain claims; (3) Defendants will provide notice of the availability of their claims reassessment process to persons whose claims were denied or terminated since January 1, 2000 (but not to persons whose claims were denied or terminated prior to that date); and (4) Defendants will implement certain limited, prophylactic changes to their claims organization, claims procedures and corporate governance.

6.  The RSA was to become effective when at least two-thirds of the states have ratified it. On information and belief, Defendants have received the required number of ratifications.

7.    The RSA provides that once it becomes fully effective, Defendants are to send within fifteen (15) days thereafter a notice concerning the RSA to approximately 215,000 "eligible claimants," including approximately 39,000 claimants who are individual policyholders and members of the class proposed in this case. The proposed notice is seriously deficient and confusing and will prejudice class members because it does not advise class members of the pendency of this action and the Worcester Superior Court's jurisdiction over their claims, or the potential to receive the more comprehensive forms of relief requested in this action, nor does it advise class members that if they elect to participate in the limited claims re-evaluation provided under the RSA, they may be prevented from seeking any other recovery either through an individual lawsuit or through participation in this class action.

8.    Plaintiffs, through one of their undersigned counsel, attempted to obtain Defendants' agreement to make a joint submission concerning the RSA to the Superior Court prior to the class certification hearing, but their proposal was rejected by counsel for Defendants.

9.    Accordingly, on December 17, 2004, Plaintiffs filed an Emergency Motion to supplement the class certification record and to order an expedited notice to prospective class members in order to avoid the prejudice and confusion which will be caused when the Defendants notify putative class members about the RSA.

10.   On December 22, 2004, approximately 45 minutes before the scheduled commencement of the class certification hearing (and over *one year* following the commencement of this action), Defendants filed a Notice of Removal and removed the action to this Court. For the reasons set forth in Plaintiff's Motion to Remand, which is being filed simultaneously herewith, this Court lacks subject matter jurisdiction of this case, and removal was therefore improper.

11.     In fact, Plaintiffs believe that the sequence of events outlined above demonstrates a pattern of dilatory behavior by Defendants intended to prejudice Plaintiffs' prosecution of this litigation. Plaintiffs further believe that the Defendants' notice of removal was frivolous and interposed purely for the purpose of delaying or preventing the Massachusetts Superior Court from ruling on Plaintiffs' Motion for Class Certification and Plaintiffs' Emergency Motion regarding the need for an expedited class notice.

12.     In order to prevent further prejudice to the proposed class, Plaintiffs respectfully request that the briefing schedule on Plaintiffs' Motion to Remand be shortened and that any hearing held by the Court on the Motion to Remand be expedited so that the above-referenced motions can be heard by Judge McCann in a timely fashion. Plaintiffs submit that if Defendants are provided the full fourteen (14)-day period provided by Local Rule 7.1(B)(2) for filing their opposition the proposed class will be prejudiced because, *inter alia*, the Defendants will send the confusing and prejudicial RSA notice to putative class members. Moreover, Defendants' seven (7)-page Notice of Removal contains Defendants' factual and legal arguments in support of federal jurisdiction, and therefore further briefing by Defendants is not necessary.

13.     It is axiomatic that jurisdiction is a threshold issue which must be resolved before the court entertains any discussion, much less resolution, of the merits of the case before it. *Danca v. Private Health Care Systems, Inc.*, 185 F. 3d 1, 4 (1st Cir. 1999) ("[a] threshold issue in this case, as in every case, is subject matter jurisdiction."); *Prou v. United States*, 199 F. 3d 37, 45 (1st Cir. 1999); *Berner v. Delahanty*, 129 F. 3d 20, 23 (1st Cir. 1997) ("a court should first confirm the existence of rudiments such as jurisdiction and standing before tackling the merits of a controverted case."); *Velez v. Crown Life Ins Co.*, 599 F. 2d 471, 472 (1st Cir. 1979) ("jurisdiction is a threshold determination which cannot be waived.").

WHEREFORE, Plaintiffs respectfully request that the hearing and determination of Plaintiffs' Motion to Remand be expedited and that the briefing schedule be shortened.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

The undersigned hereby certifies that counsel for Plaintiffs have conferred with counsel for the Defendants in a good faith attempt to resolve or narrow the issues raised by this Motion without Court intervention, but have been unable to do so.

Dated: December 29, 2004.

Respectfully submitted,

David Pastor (BBO #391000)
Douglas M. Brooks (BBO#058850)
**GILMAN AND PASTOR, LLP**
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts 01906
Tel: (781) 231-7850

**MANSFIELD TANICK & COHEN P.A.**
Denise Y. Tataryn (179127)
Seymour J. Mansfield (67271)
Richard J. Fuller (32669)
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511
Tel: (612) 339-4295

**SANDALS & ASSOCIATES, P.C.**
Alan M. Sandals (36044)
Scott M. Lempert (76765)
One South Broad Street
Suite 1850
Philadelphia, PA 19107-3418
Tel: (215) 825-4000

**QUADRINO & SCHWARTZ**
Richard J. Quadrino
666 Old Country Road
Garden City, NY 11530
Tel: (516) 745-1122

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I Hereby Certify That A True Copy of The Above Document Was Served Upon The Attorney Of Record For Each Other Party By Mail (By Fax) On 12-29-04