**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
---------------------------------------------------------------
CAROL JEWEL, SHIRLEY HOILAND, and        :
MARY L. PATRICK, Individually and on behalf :
of all others similarly Situated,        :
                                         :
                                         :   Civil Action No. 04-40262 – FDS
                  Plaintiffs,            :
                                         :
       -against-                         :
                                         :
UNUMPROVIDENT CORPORATION et al.,        :                                    :
                                         :
                                         :
                  Defendants.            :
---------------------------------------------------------------
```

*Request for Special Action Pursuant to Local Rule 5.1(c)*

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' EXPEDITED MOTION TO REMAND**

Plaintiffs and the putative class members in this action respectfully submit this Supplemental Memorandum to supplement the record and inform the Court of additional factual information admitted by Defendants in conference calls with Judge Lindsay of this Court on Thursday, December 30, 2004. Judge Lindsay, sitting as the Miscellaneous Business Docket judge, conducted two conference calls on the instant motion, based upon the exigency of the circumstances presented. It is our understanding that there is no record concerning the conference calls.

This action was filed more than one year ago, on December 11, 2003, in the Superior Court. It was removed 45 minutes prior to a hearing before Judge McCann of that Court on an emergency motion to obtain an order to send notices to the putative class and a motion for class certification.

In the conference calls with Judge Lindsay, counsel for the Defendants represented to this Court that the Defendants will commence the mailing of notices to putative class members in this action tomorrow; i.e., January 4, 2005. These notices are not being sent to notify the putative class about the pendency of this case, but rather are being sent pursuant to a Regulatory Settlement Agreement ("RSA") recently[1] entered into between Defendants and three Lead States, on behalf of at least 45 other States[2], in which Defendants have agreed to reassess approximately 215,000 disability claims in which ongoing benefits were terminated or in which the claim was denied at the outset. This action seeks different and additional relief than the RSA, and has been proceeding separately from other actions currently venued in Tennessee that are part of a Multidistrict Litigation. The emergency motion filed in state court sought to have additional notices sent to the putative class to inform them of the pendency of this action before they sign away some of their rights and participate in the RSA. That emergency motion was the purported basis for somehow invoking federal jurisdiction in this matter.

Defendants admitted to Judge Lindsay that the deadline for mailing the notices to the class pursuant to the RSA is February 9, 2005, but Defendants are voluntarily accelerating the mailing, starting on January 4, 2005. There is a legal disagreement between the parties as to what rights would be preserved in the event that some of the putative class members herein sign a document to participate in the RSA while not knowing about the existence of this class action, which could afford them additional and different relief. This disagreement, and our concern for the rights of the

---

[1] The RSA was announced on November 18, 2004.

[2] The U.S. Department of Labor joined in the RSA.

putative class, motivated the filing of the emergency motion in the Superior Court for notice to the class. We intend to seek an immediate hearing on that motion before Judge McCann in the Superior Court in the event that this matter is remanded forthwith.

Defendants also could not articulate to Judge Lindsay a basis for jurisdiction in this Court. Defendants did not dispute that they were aware of the 3-pronged test contained in the caselaw that they themselves cited in their Notice of Removal. First, Defendants could not dispute the fact that they have not asserted and cannot articulate a federal defense to any of the claims in the Complaint herein. Second, on the calls with Judge Lindsay, Defendants did not dispute and cannot controvert the fact that the emergency motion in the Superior Court sought the mailing of a separate notice to the class herein as one alternative and did not seek to stop the mailing of the notices to ERISA-governed claimants under the RSA. And third, Defendants did not dispute and cannot controvert the fact the RSA's monitoring and implementation will be by the three Lead States. The U.S. Department of Labor only "may" monitor the reassessment process and "may" attend compliance meetings and thus there is no "direct and detailed control" over the Defendants by a federal agency.

Moreover, Defendants repeatedly conceded – as they do in their Notice of Removal – that the Complaint in this matter raises no federal question and that there is no diversity jurisdiction.. Indeed, Defendants also could not deny, in response to repeated questions propounded by Judge Lindsay, that the emergency motion in Superior Court did not seek to amend the Complaint herein. Defendants also could not support their allegation that the mailing of notices to the putative class here – non-ERISA governed policyholders – could somehow amount to an attempt by Plaintiffs to " . . . change a remedial scheme" or "remedial action" by the Department of Labor . . . .". Notice of Removal at par. 17 and 19.

Accordingly, by Defendants own admissions to this Court, there is simply no basis for jurisdiction in this Court.  Indeed, Judge Lindsay repeatedly stated that he would urge Plaintiffs to seek sanctions against the Defendants for a frivolous removal in the event that a determination of no jurisdiction was made after a review of the case law discussed above. Judge Lindsay, sitting as the Miscellaneous Business Docket judge, did not have the time to review the case law and exhibits on the eve of the holiday weekend.

Defendants Notice of Removal contains a procedural history, has the pertinent exhibits annexed thereto, contains legal reasoning, and cites to case law in purported support of Defendants' position regarding jurisdiction in this Court. Accordingly, in light of the exigency of the circumstances, it is respectfully submitted that this Court can address this expedited motion to remand this case based upon the papers already submitted by the parties.

Dated: January 3, 2005

Respectfully submitted,

By:  /s/ Richard Quadrino
Richard J. Quadrino (RQ-0233)[3]
QUADRINO & SCHWARTZ, P.C.
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122

Attorneys for Plaintiff and the putative Class

---

[3] Judge Lindsay's staff was informed that the undersigned is admitted *pro hac vice* in the Superior Court in this action and is thus immediately qualified for admission in this Court pursuant to Local Rule 83.5.1(a).  However, due to the unavailability of co-counsel on the eve of the holiday weekend and the urgency of the circumstances, the undersigned was not able to obtain and file the certificate and application pursuant to the Rule.  It was respectfully requested that we proceed with the motion and that there would be a filing in due course and a later request to have those papers approved *nunc pro tunc*.  Thereafter, Judge Lindsay proceeded with the motion and the conference calls with the undersigned representing Plaintiffs and the Class.

**GILMAN & PASTOR, LLP**
David Pastor (BBO #39100)
Douglas Brooks BBO #058850)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts 01906
Tel: (781) 231-7850

**MANSFIELD TANICK & COHEN**
Denise Tataryn (179127)
Seymour J. Mansfield (67271)
Richard J. Fuller (32669)
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511
Tel: (612) 339-4295

**SANDALS & ASSOCIATES, P.C.**
Alan M. Sandals (36044)
Scott M. Lempert (76765)
One South Broad Street
Suite 1850
Philadelphia, PA 19107-3418
Tel: (215) 825-4000

*Attorneys for Plaintiff and the putative Class*