

**William J. Kayatta, Jr.**

One Monument Square
Portland, ME 04101

207-791-1238 voice
207-791-1350 fax
wkayatta@pierceatwood.com

www.pierceatwood.com

Honorable F. Dennis Saylor IV
Donohue Federal Building
595 Main St.
Worcester, MA 01608

Re:   *Jewel et al v. UnumProvident Corp. et al*,
      Case Number: 4:04-cv-40262

Dear Judge Saylor:

In view of the phone conference that your office has scheduled for 3:00 this afternoon, we are sending you this letter to supply some information not contained in Plaintiffs' Motion To Expedite, but which was reviewed orally with Judge Lindsay in Your Honor's absence last week.

On November 18, 2004, several of the Defendants in this action entered into a Regulatory Settlement Agreement ("RSA") concluding an investigation of the companies by the United States Department of Labor and a number of state insurance commissioners and departments. The terms of the RSA are binding on defendants, who are subject to substantial penalties for noncompliance. Those terms require, among other things, that a form of notice be sent to specified claimants, who include many persons who might also be putative members of a class in the proceedings described below.

On November 18, we supplied copies of the RSA to counsel for Plaintiffs, who are also counsel for certain plaintiffs in cases assigned by the Judicial Panel on Multi District Litigation to the United States District Court for the Eastern District of Tennessee. *See In re: UnumProvident Corp. ERISA Benefits Denial Actions*, MDL Case No. 1:03-md-1552, Lead Case No. 1:03-cv-1000. One of the cases coordinated in the MDL proceeding is the case of *Taylor v. UnumProvident et al*, in which the plaintiff asks to proceed on behalf of essentially the same nationwide class as in this *Jewel* case, seeking the same injunctive relief, albeit under different state law. This *Jewel* case is not yet part of the MDL proceeding for the sole reason that, until recently, it was not removable to federal court because one defendant is a Massachusetts corporation and no federal cause of action was pleaded.

On December 9, the Plaintiffs' lawyers filed in the MDL proceeding a motion seeking to have the Court alter or supplement the notices to be sent to claimants under the terms of the RSA, or to allow for separate, so-called pre-certification notices to putative class members. Judge Curtis Collier, to whom the coordinated MDL actions were assigned by the MDL panel, scheduled a

Page 2
January 3, 2005

hearing on the motions for December 28. He also sought input from the DOL on the question of affecting the RSA notice process.

On the afternoon of December 17, Plaintiffs filed a copycat motion in this action, asking the state court to order that Defendants alter the form and substance of the notice to be sent to claimants under the RSA or, in the alternative, to enclose a separate notice in the same mailing. Plaintiffs delivered the motion to local counsel for Defendants on Friday the 17th, mailing a copy to the undersigned lead counsel for delivery on Monday, December 20.

Upon review of the request to alter the notice specified by the DOL, Defendants promptly removed this *Jewel* action to this federal court on December 22, and filed a designation of the action as a tag-along proceeding with the MDL panel. As a courtesy, we also wrote to and appeared before Judge McCann of the Massachusetts superior court to explain the timing for the removal notice. One of the grounds for removal is that the motion challenges certain remedial steps that Defendants must take under the terms of the RSA, to which the DOL is a party, and that the injunctive relief sought in the motion would require Defendants to act other than as required and directed by the DOL. Hence, the action is removable under 28 U.S.C. Sec. 1442, a detailed and recent explanation of which is set forth in *In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 2004 WL 515535 (S.D.N.Y. Mar. 16, 2004). As that case explains, section 1442(a) applies "despite the non-federal cast of the complaint." *Id*. at *5 (quoting *Jefferson County v. Aker*, 527 U.S. 423, 431 (1999). Section 1442(a) must be "construed broadly." *Id.* at *6. A private party may remove under section 1442(a) by alleging that "(1) it acted under the direction of a federal agency or officer; (2) it has a colorable federal defense; and (3) there is a causal nexus between the federal direction and the conduct in question." *Id*. Here, pursuant to its exclusive regulatory charge under ERISA, the DOL commenced a formal investigation under ERISA section 504 of certain Defendants that culminated in the execution of the RSA. The RSA requires the claimant notice to be sent as is, upon pain of substantial penalty, and the DOL retains jurisdiction to monitor compliance. The RSA process, of which the notice is a part, is a remedial scheme approved and supervised by the DOL under ERISA. Efforts to supplement or alter such a scheme are subject to the "complete preemption" defense, and render the action independently removable under 29 U.S.C. Secs. 1331. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987).

Upon filing the notice of removal, we proposed to Plaintiffs' counsel that they consent to having the action transferred immediately to Judge Collier so that he could rule promptly on any issues. They demurred.

On Tuesday, December 28, Judge Collier heard argument on the similar motion filed in the MDL proceeding by Plaintiffs' counsel. Prior to the hearing, Judge Collier sought input from the DOL. The DOL concurred with Defendants' description of the notice required under the RSA, and urged prompt implementation. After argument, Judge Collier denied the motion in full.

After Judge Collier ruled, and after receiving notice of the MDL tag-along designation pursuant to which this action will soon be sent to Judge Collier, Plaintiffs then filed their pending motion to remand this action. They also filed a motion to expedite, which was directed to Judge Lindsay on Thursday, December 30.

{W0305568.1}

Page 3
January 3, 2005

Judge Lindsay conducted two phone conferences on Thursday, during which Plaintiffs' counsel both asked for an order expediting the briefing of the motion to remand, and/or pressed for the issuance of a temporary restraining order enjoining Defendants from sending out any notices under the RSA this week.  After discussing both the grounds for removal and the substance of the Plaintiffs' request to alter the notices to be sent to claimants under the RSA, Judge Lindsay denied any relief, stating that, especially in view of Judge Collier's rulings, Plaintiffs had failed to establish a sufficient likelihood of success on the merits of their challenge to the notice process, and that both the balance of harms and the public interest weighed against the Plaintiffs' position.

Respectfully yours,


William J. Kayatta, Jr.


cc:  Counsel for Plaintiffs (electronically and by fax)

{W0305568.1}