UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL JEWEL, SHIRLEY HOILAND, and MARY L. PATRICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNUMPROVIDENT CORPORATION, et al.,<br><br>Defendants. | Civil Action No.<br>04-40262-FDS |

## MEMORANDUM REGARDING PLAINTIFFS' MOTION TO REMAND

**SAYLOR, J.**

This is an action against a related group of insurance companies alleging misconduct in the handling of long-term disability claims. The complaint was originally filed in the Worcester Superior Court, and as pleaded was not removable to federal court under 28 U.S.C. § 1441. Approximately one year later, plaintiffs filed an emergency motion seeking certain immediate relief. Based on the allegations in that motion, and the relief sought, defendants removed the matter to federal court pursuant to 28 U.S.C. § 1446(b), on the grounds that the matter had "become removable." Plaintiffs have moved to remand, contending that federal subject-matter jurisdiction is lacking even in light of the relief sought in the emergency motion. For the reasons set forth below, the motion to remand has been granted.

**Background**[1]

Defendants UnumProvident Corporation, Unum Life Insurance Company of America, First Unum Life Insurance Company, Provident Life and Casualty Insurance Company, Provident Life and Accident Insurance Company, and the Paul Revere Life Insurance Company are related entities that issue long-term disability insurance policies. They are alleged to have engaged in unfair and deceptive practices in the handling of disability claims, essentially by denying benefits in order to boost financial results rather than on the basis of unbiased medical evidence. Plaintiffs Carol Jewel, Shirley Hoiland, and Mary Patrick are the beneficiaries of disability policies issued by defendants. Plaintiffs contend that they were wrongfully denied benefits, and have sued individually and on behalf of a putative class, seeking damages for breach of contract and violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A.

Plaintiffs filed their complaint in Worcester Superior Court on December 11, 2003. The action, as initially pleaded, was not removable to this Court. Complete diversity is lacking, as plaintiffs and defendant Paul Revere Life Insurance Company are citizens of Massachusetts. Plaintiffs did not assert any claims under federal law; in particular, plaintiffs did not assert a claim under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, nor did they assert any state-law claims that are preempted by ERISA. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987). Indeed, the class was defined to exclude any individual to whom ERISA might apply:

> All individual long-term disability policyholders and all participants in group, long-term disability plans which are not covered by the Employee Retirement Income

---

[1] The facts presented here are taken from the parties's submissions and their representations to the Court made during a January 3, 2004 telephonic conference.

>Security Act of 1974 ("non-ERISA group plan participants") who (a) had coverage issued by an insuring subsidiary of UNUMProvident named herein as a Defendant, and (b) whose claims for long-term disability benefits were denied, or whose payments of long-term disability benefits were terminated or suspended, on or after July 1, 1999 by any Defendant after being subjected to any one or more of the abusive claims practices alleged in this Complaint.

Complaint ¶ 11.

On September 29, 2004, plaintiffs moved for class certification as to the Chapter 93A claim. The Superior Court scheduled a hearing on plaintiffs' motion for November 15, 2004. At defendants' request, that hearing was postponed and rescheduled for December 22, 2004.

On November 18, 2004, defendants announced that they had entered into a Regulatory Settlement Agreement ("RSA") with state insurance regulatory authorities and the United States Department of Labor concerning their handling of disability claims. The RSA is the product of at least two investigations of defendants' practices, one conducted by state insurance regulators and another conducted by the Department of Labor.[2]

The RSA requires, among other things, that defendants afford certain beneficiaries an opportunity to reopen previously denied claims for long-term disability insurance benefits. The RSA further requires defendants to send a specific form of notice to those beneficiaries (the "RSA notice") that advises them, among other things, of their right to reopen their disability claims.

The RSA covers both policies that are subject to ERISA (essentially, those provided as an employment benefit) and policies that are not. Because the regulation of insurance is generally

---

[2] Counsel for plaintiffs are also counsel for certain similar cases assigned by the Judicial Panel on Multidistrict Litigation to the United States District Court for the Eastern District of Tennessee. Defendants represent that "[t]his *Jewel* case is not yet part of the MDL proceeding for the sole reason that, until recently, it was not removable to federal court. . . ." On December 23, 2004, the day after they filed their notice of removal, defendants filed a notice in this Court that they had contemporaneously filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation, seeking to transfer this case to the Eastern District of Tennessee.

left to the states, the interest of the Department of Labor is limited to the ERISA aspects of the settlement. The RSA notice does not distinguish between individuals whose claims arise under ERISA and those whose claims do not. According to plaintiffs, there are approximately 215,000 policies subject to the RSA, of which approximately 39,000 are not covered by ERISA. According to defendants, presumably either because they do not capture the relevant information from policyholders or cannot readily retrieve it, "[t]here is no practicable and timely method whereby either [they] or anyone else can determine which of the persons to whom the RSA requires notice to be sent have claims covered by ERISA and which do not."

On December 17, 2004, plaintiffs filed in the Superior Court an Emergency Motion to (1) Supplement the Record on Plaintiffs' Motion for Class Certification, and (2) Provide Expedited Notice to Class Members of Pendency of Proposed Class Action and Statement of Reasons (the "Emergency Motion").[3] The Emergency Motion essentially challenges the sufficiency of the RSA notice. It seeks to require defendants to mail a "Notice of Pendency" of the proposed class action to all class members. Plaintiffs specifically suggest the following:

> The form of the Notice of Pendency of the proposed class actions may take one of two forms; (a) insertion of language into the letter that defendants intend to distribute as part of the RSA that includes: (1) a description of the pending class actions; (2) the nature of the relief sought in the class actions; (3) the potential advantages and disadvantages of the RSA process; and (4) the fact that the claimant may be excluded from participation in the class actions should he/she elect review under RSA and receive even one dollar more in additional benefits; or (b) the enclosure of a separate notice with the mailing to be made by Defendants.
>
> Under either approach, the most immediate and cost-effective, and the least confusing, way to provide notice to the class members will be to insert the necessary additional information into the mailing to denied claimants contemplated

---

[3] The alleged emergency was due to the fact that the first mailing of the RSA notices to the 215,000 beneficiaries was imminent.

> under the RSA. If Defendants do not make these disclosures, then Defendants and the class members run the serious risk that the RSA notice and the waivers or releases executed pursuant to the RSA will later be judged invalid and all parties will face additional time, expense, confusion, and the risk that the results of the RSA claims process will be meaningless. Plaintiffs contend that claimants would best be informed of their option by inclusion of language directly into the letter proposed by defendants. . . . Again, as an alternative, a separate form of notice can be distributed in the same mailing. . . .

Emergency Motion at 17-18. Plaintiffs claim that defendants should be required to send a "Notice of Pendency" to prospective class members to avoid the "prejudice and confusion which will be caused when the Defendants notify putative class members about the RSA."[4]

On December 22, 2004, defendants filed a notice of removal in this Court, contending that the relief sought in the Emergency Motion triggered a right of removal that did not previously exist. Specifically, defendants state that, because plaintiffs sought in the Superior Court to alter the language of the RSA notice, and because the RSA notice is required by an agreement to which the Department of Labor is a party, removal is now proper for two reasons: first, under 28 U.S.C. § 1442(a), "because [they] are defendants in a suit against a person acting under an officer of the United States sued for an act performed under the color of office"; and second, under 28 U.S.C. § 1441, "because the requested relief . . . seeks to change and alter a remedial scheme entered into by the [Department of Labor] under ERISA."

On December 30, plaintiffs filed a motion to remand for lack of subject-matter jurisdiction. Plaintiffs state that none of the plaintiffs in the putative class asserts claims governed by ERISA,

---

[4] During the telephonic hearing, counsel for plaintiffs disclaimed any intention to proceed under alternative (a), which would require the insertion of supplemental language into the actual RSA notice. Because this matter involves a question of subject matter jurisdiction that allegedly attached as of the time of the filing of the motion in state court, the Court will evaluate the motion as of the time of filing, without reference to the subsequent disclaimer.

and, therefore, the relief they seek in their Emergency Motion does not, factually or legally, seek to change or alter a remedial scheme entered into by the Department of Labor under ERISA. Plaintiffs further state that defendants do not satisfy the elements of the federal officer removal statute, 28 U.S.C. § 1442(a).

Because of the urgency of the matter, the Court held a telephonic hearing on the remand motion on January 3, 2005. On January 4, it issued an order remanding the action to the Superior Court and stating that a memorandum setting forth the Court's opinion would follow.

## Analysis

As noted above, defendants claim that removal is proper under two statutes, 28 U.S.C. §§ 1441 and 1442(a). The Court will consider each in turn.

### I.    Removal Under Section 1442(a)

The relevant portion of § 1442 is as follows:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). Section 1442(a) is a statutory exception to the "well-pleaded complaint" rule: under the statute, the existence of a colorable federal defense to a state law claim will confer federal jurisdiction. *See Mesa v. California*, 489 U.S. 121, 136-37 (1989).

As a preliminary matter, it is not clear that a "civil action or criminal prosecution" has been "commenced in a State court against" defendants, as the removal statute requires. In the

typical § 1442(a) case (and in every case that defendants have cited), the defendants have asserted federal defenses to the plaintiffs' state-law claims.  Thus, in *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, the court held that § 1442(a) removal was proper where defendants had a colorable federal preemption defense to plaintiffs' state tort claims. 342 F. Supp. 2d 147, 158 (S.D.N.Y. 2004); *see also Camacho v. Autoridad de Tels. de P.R.*, 868 F.2d 482, 487 (1st Cir. 1989) (concluding that defendants had a federal statutory defense to plaintiffs' state claims of improper wiretapping); *Pack v. AC & S, Inc.*, 838 F. Supp. 1099, 1103 (D. Md. 1993) (denying remand where defendants had a colorable federal military-contractor defense to plaintiffs' state claims of personal-injury); *Fung v. Abex Corp.*, 816 F. Supp. 569, 573 (N.D. Cal. 1992) (same).

Here, however, defendants do *not* claim that they have a federal defense to plaintiffs' state law contract or chapter 93A claims.  Rather, they contend that they have a federal defense to certain relief sought in the Emergency Motion, which is a motion for pre-certification notice to the putative class.  The question thus becomes whether the presence of a federal defense to the relief sought in the Emergency Motion supports § 1442(a) removal.

Although a motion can be the "paper" that triggers removal under 28 U.S.C. § 1446(b), it does not necessarily follow that filing a motion is the same as commencing a "civil action or criminal prosecution" within the meaning of 28 U.S.C. § 1442(a).[5]  Defendants have pointed the Court to no authority to support such a proposition, and none of the cases the Court has found

---

[5] The relevant portion of § 1446(b) states: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  This passage controls only the *timing* of the notice of removal.  It does not provide an independent ground for removal.

has interpreted the phrase "civil action or criminal prosecution" so broadly as to include a simple motion that did not seek to compel any federal official to undertake, or refrain from undertaking, any act. *See Florida v. Cohen*, 887 F.2d 1451, 1454 (11th Cir. 1989) (removal was proper where contempt proceedings were initiated by state court against a federal officer); *Nationwide Investors v. Miller*, 793 F.2d 1044, 1046 (9th Cir. 1986) (removal was proper where a federal officer was summoned to appear at a garnishment proceeding because the threat of fine or imprisonment for failure to appear was a "sufficiently real" consequence); *Indiana v. Adams*, 892 F. Supp. 1101, 1105-06 (S.D. Ind. 1995) (remanding a case removed under § 1442(a) because the issuance of deposition subpoenas to federal officials requiring them to testify in a state-court criminal action was not an action commenced against them); *Bosaw v. National Treasury Employees' Union*, 887 F. Supp. 1199, 1208 (S.D. Ind. 1995) (removal was proper where a state court order compelled discovery from federal officials, even though contempt proceedings had not been commenced); *Reynolds Metals Co. v. Crowther*, 572 F. Supp. 288, 289 (D. Mass. 1982) ("The removability of contempt proceedings initiated in state court against federal officials [under § 1442(a)] . . . is well-supported by case authority.").

Nevertheless, the Court does not need to decide whether the filing of the present motion constitutes the commencement of a civil action, because defendants have not established the other criteria required to invoke 28 U.S.C. § 1442(a)(1). Under § 1442(a), a private party may remove a state-court action if (1) it acted under the direction of a federal agency or officer; (2) it has a colorable federal defense; and (3) there is a causal nexus between the federal direction and the conduct in question. *In re MTBE*, 342 F. Supp. 2d at 154. Section 1442(a) "should not be read in a 'narrow' or 'limited' manner, nor should it 'be frustrated by a narrow, grudging

8

interpretation.'" *Camacho*, 868 F.2d at 487 (quoting *Willingham v. Morgan*, 395 U.S. 402, 405-07 (1969)). Even giving the statute a broad reading, however, defendants have not satisfied the required elements.

As noted, the putative plaintiff class here specifically excludes ERISA claimants – presumably, to avoid federal jurisdiction. The Emergency Motion seeks to amend or supplement only the notice that will be sent to the plaintiff, non-ERISA, class. It does not seek to amend, supplement, or otherwise interfere with the notice to be received by the ERISA claimants. The authority of the Department of Labor is limited to the ERISA claimants, and thus the notice proposed by plaintiffs does not request that defendants do anything contrary to their agreement with the Department.

In short, defendants do not appear to have a colorable federal defense to the relief sought in the Emergency Motion. Defendants, however, raise two objections to that argument.

First, defendants contend that "[t]here is no practicable and timely method" by which to isolate the non-ERISA claimants from the ERISA claimants. Therefore, they argue, plaintiffs' attempt to alter or supplement the RSA notice as to the non-ERISA claimants necessarily constitutes an attempt to alter or supplement the RSA notice as to the ERISA claimants, and therefore implicates federal concerns. It may be that it is impracticable, though not impossible, to separate the two types of claimants. But the existence of federal jurisdiction in this case cannot turn on how the defendant corporations keep their records. Defendants are not asserting a defense based on ERISA, but one based on inconvenience and impracticability. Furthermore, the state court is free to consider issues of impracticability (or impossibility) in deciding whether to

9

grant the plaintiffs' motion. The state court may craft the notice in a different fashion, or may deny plaintiffs' motion on the grounds that it is impracticable or unworkable.

Second, defendants appear to contend that they have a federal preemption defense because "the requested relief in the Emergency Motion seeks to change and alter a remedial scheme entered into by the DOL under ERISA." For the reasons stated above, this contention is wrong as a matter of fact; plaintiffs do not seek such a change. Furthermore, the cases cited by defendants are simply inapposite to this case. In *Taylor*, the Supreme Court held that common-law causes of action filed in state court are removable to federal court when they are preempted by ERISA and come within the scope of its civil enforcement provision, § 502(a)(1)(B). 481 U.S. at 67. By definition, however, *Taylor* only applies to claims for benefits governed by ERISA; this is not such a claim. *See id* at 60. In *Black & Decker Disability Plan v. Nord*, the Supreme Court held that ERISA does not require plan administrators to accord special deference to the opinions of treating physicians by imposing a "treating physician rule." 538 U.S. 822, 834 (2003). Although *Black & Decker* does acknowledge that the Secretary of Labor is empowered by ERISA to implement the statutory provisions securing employee-benefit rights, *id.* at 831, it is otherwise inapplicable to this case.

Accordingly, for the reasons stated above, this case is not removable under 28 U.S.C. § 1442(a).

## II.     Removal Under Section 1441

Defendants also claim that this case is removable under 28 U.S.C. § 1441 because of the presence of a federal question under 28 U.S.C. § 1331. The purported basis for federal jurisdiction is ERISA preemption, which is also an exception to the well-pleaded complaint rule. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

As set forth above, plaintiffs assert state law claims that expressly exclude any claim on behalf of a plaintiff whose benefits are governed by ERISA. Defendants do not seek to defend the claims on the basis of an ERISA duty, nor does ERISA govern their obligations to the members of the plaintiff class. Rather, defendants contend that *if* the Emergency Motion requesting notice to the putative class of policyholders is granted, it *may* be inconvenient or impractical to limit that notice to those persons, and that any notice to policyholders outside the class *may* be inconsistent with the form of notice called for by the RSA, and the Department of Labor *may* object. That contention is not an ERISA-based defense. It may well be the case that the various hypotheticals materialize in such a way that ERISA is indeed implicated, but at this stage of the proceedings plaintiffs' motion is not sufficient to trigger ERISA preemption. Accordingly, this Court does not have federal-question jurisdiction over this case, and removal is not proper under 28 U.S.C. § 1441.

**<u>Conclusion</u>**

For the reasons stated above, the Court has determined that the Court lacks subject-matter jurisdiction over this case and that it is not removable under either 28 U.S.C. § 1441 or § 1442(a). Accordingly, plaintiffs' motion to remand is properly GRANTED by the Court's Order of January 4, 2005.

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 6, 2005